DAVILA V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-232-CR

JAMES MICHAEL DAVILA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 271ST DISTRICT COURT OF WISE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant James Michael Davila appeals from his conviction for delivery of a controlled substance in an amount of one gram or more but less than four grams.  In his sole point, he contends that the evidence is legally insufficient to prove the controlled substance weighed more than one gram.  We will affirm.  

Background Facts

On November 12, 2002, two undercover officers, Marty Baker and Billy Bloom, along with a confidential informant, drove to a Wise County residence to purchase methamphetamine.  Appellant and Madeline Mercer were at the residence when the officers arrived.  Baker testified that he explained to Appellant that the two officers were interested in buying some methamphetamine.  After Baker spoke with him, Appellant offered to go to his uncle’s house to pick up some methamphetamine.  Before Appellant left, Baker gave him $100 in advance of the delivery.  Appellant and Mercer left and returned approximately twenty minutes later with the methamphetamine.  Thereafter, Baker received the methamphetamine from Appellant and Mercer.  The officers and informant drove back to where they were staying and performed a field test on the substance, which tested positive for methamphetamine.  Baker testified that he sealed up the packet that he performed the field test on and marked it with his initials.  He also testified that State’s exhibit 1C, which contained the methamphetamine, was the same small baggie containing methamphetamine that was given to him by Appellant.

Chris Youngkin, a criminalist with the Texas Department of Public Safety, testified that he performed three separate tests on State’s exhibit 1C.  He testified that all three test results indicated that the substance tested positive for methamphetamine.  Furthermore, Youngkin testified that he weighed the substance before and after he performed the tests.  He indicated that the net weight of the substance, without weighing the packet or paper bag it was contained in, was 1.07 grams and that the contents were methamphetamine, a controlled substance.  Thereafter, the State offered and the court admitted exhibit 1C into evidence.  The only objection by Appellant was regarding the chain of custody, which the court overruled.

Legal Sufficiency Standard of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

In his sole point, Appellant argues that the evidence is legally insufficient to show that he possessed more than one gram of methamphetamine.   Specifically, he contends that the evidence is legally insufficient because 1) the chemist who tested the evidence did not use the words “adulterants and dilutants,” 2) the controlled substance was not admitted into evidence, and 3) there is no verbal description of the controlled substance in the record.

A controlled substance is “a substance, including a drug, an adulterant, and a dilutant, listed in Schedules I through V or Penalty Groups 1, 1-A, or 2 through 4.  The term includes the aggregate weight of any mixture, solution, or other substance containing a controlled substance.”  
Tex. Health & Safety Code Ann
. § 481.002(5) (Vernon Supp. 2004-05).  An “adulterant or dilutant” is “any material that increases the bulk or quantity of a controlled substance, regardless of its effect on the chemical activity of the controlled substance.”  
Id
. § 481.002(49).  After the 1993 amendments to the health and safety code, the State was no longer required to prove that adulterants and dilutants were added with the intent to increase the bulk or quantity of the controlled substance or that they had no effect on the chemical activity of the controlled substance.  
See Williams v. State
, 936 S.W.2d 399, 405 (Tex. App.—Fort Worth 1996, pet. ref’d).  Furthermore, the State is not required to show that the chemist performed a test to determine how much of the submitted substance is a controlled substance and how much is some other material.  
Id
.  The State is required only to prove that the defendant possessed the minimum amount of the controlled substances, including any adulterants or dilutants, which in this case is one gram.  
See Melton v. State
, 120 S.W.3d 339, 343-44 (Tex. Crim. App. 2003). The State may accomplish this by proving the gross weight of the substance which the defendant possessed.  
See id
.

Here, the jury heard evidence that 1) Baker performed a field test on the substance, which tested positive for methamphetamine, 2) Youngkin performed three separate tests to identify the substance, 3) the substance had a net weight of 1.07 grams, 4) all three test results showed the substance contained methamphetamine, 5) the plastic bag marked State’s exhibit 1C, which contained the methamphetamine was offered and admitted into evidence for all purposes.  We hold that the evidence showing Appellant possessed methamphetamine in the amount of 1.07 grams, regardless of whether or not it contained adulterants and dilutants and regardless of the form in which it was recovered, is sufficient to support his conviction for delivery of a controlled substance in the amount of one gram or more.  
See
 
Tex. Health & Safety Code Ann
. § 481.002(5); 
see also Green v
. 
State
, 930 S.W.2d 655, 657 (Tex. App.—Fort Worth 1996, pet. ref’d) (holding form in which controlled substance is recovered does not determine whether accused has committed the offense of manufacturing the drug).  We overrule Appellant’s sole point.

Conclusion

Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found that Appellant delivered methamphetamine in an amount of one gram or more but less than four grams.  Accordingly, the evidence is legally sufficient.  
See Jackson
, 443 U.S. at 307.  Having overruled Appellant’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL A:  HOLMAN, J.; CAYCE, C.J.; and SAM J. DAY, J. (Retired, Sitting by Assignment)

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  April 14, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.